UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARCO FERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-cv-01006-JPH-TAB |
| | ) | |
| JACK HENDRIX, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY SCREENING COMPLAINT AND DIRECTING ISSUANCE OF PROCESS**

Marco Fernandez is incarcerated at New Castle Correctional Facility. He brings this civil rights action alleging that the defendants knowingly permitted his transfer to a facility where he faced serious risks of violence and was later stabbed. Because Mr. Fernandez is a prisoner, the Court must screen his complaint. 28 U.S.C. § 1915A(a).

**I. Screening Standard**

The Court must dismiss the complaint, or any portion of it, if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes Mr. Fernandez's pro se pleadings liberally and holds them to a less stringent standard than formal pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## II. The Complaint

Mr. Fernandez asserts claims for damages and injunctive relief against four defendants based on incidents that occurred in the summer of 2019. Officers Hall and Bonner were Internal Affairs ("IA") officers at the Correctional Industrial Facility ("CIF"). Jack Hendrix was the Indiana Department of Correction ("IDOC") classification director. Mr. Fernandez identifies the fourth defendant, a transport officer, as "John Doe." He bases his claims on the following allegations.

When Mr. Fernandez arrived at CIF in July 2019, IA identified him as a potential target of gang violence. Officers Hall and Bonner met with Mr. Fernandez twice and discussed the details of his conflicts with gang members. They determined he was in danger at CIF and asked where he would be safe. Mr. Fernandez specifically stated he would be in danger if he was transferred to Miami Correctional Facility ("MCF"). The officers relayed that information to Mr. Hendrix

The IDOC transferred Mr. Fernandez to MCF despite his warnings.  Within days of his arrival, gang members stabbed him six times.

## III. Discussion of Claims

The action **will proceed** with Eighth Amendment claims against Defendants Hall, Bonner, and Hendrix pursuant to 42 U.S.C. § 1983.

These claims will proceed against the defendants **in their individual capacities only**. "Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent'"—in this case, the IDOC. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). The Eleventh Amendment bars private lawsuits in federal court against a state that has not consented. *Joseph v. Board of Regents of Univ. of Wisconsin Sys.*, 432 F.3d 746, 748 (7th Cir.

2005). "An agency of the state"—such as the IDOC—"enjoys this same immunity." *Nuñez v. Indiana Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016).

Claims against John Doe are **dismissed**. "[I]t is pointless to include [an] anonymous defendant [] in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (internal citations omitted). *See also Herrera v. Cleveland*, --- F.4th ---, 2021 WL 3447681 (7th Cir. Aug. 6, 2021) (Plaintiff used "John Doe" placeholders in original complaint, then amended after learning defendants' names, but amendments did not relate back because "suing a John Doe defendant is a conscious choice, not an inadvertent error."). If Mr. Fernandez learns the identity of the transport officer through discovery, he may move to amend his complaint to add the officer as a defendant.

### IV. Conclusion and Issuance of Process

The **clerk is directed** pursuant to Federal Rule of Civil Procedure 4(c)(3) to issue process to Defendants Hall, Bonner, and Hendrix in the manner specified by Rule 4(d). Process will consist of the complaint (dkt. [1]), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this entry.

The claims discussed in Part III are the only claims the Court identified in the complaint. If Mr. Fernandez believes he asserted additional claims, he must notify the Court **no later than October 22, 2021**.

The **clerk is directed** to **terminate John Doe** as a defendant on the docket.

**SO ORDERED.**

Date: 10/6/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

MARCO FERNANDEZ
229088
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

Electronic service to Indiana Department of Correction Employees:

    Officer Hall, Correctional Industrial Facility

    Officer Bonner, Correctional Industrial Facility

    Jack Hendrix, IDOC Classification Director